Harper, Ch.
I have no hesitation in granting the motion, so far as the merits of the bill are concerned. The complainant, according to his own statement, had a complete legal title to the slaves, and might have seized them, or sued for them at law. Not only the rule -of equity, but the act of assembly provides, that parties shall not sue in equity where there is plain and adequate remedy at law. Act of 1791. 1 Faust, 34. I will not say that a case might not be made, in which a bill would be sustained for the delivery of slaves; on the same principle that bills are allowed in England for the delivery of family plate or pictures. There may exist circumstances to give family slaves a peculiar value to the owner, which they would have to no one else, and for which he could not expect compensation in damages. But it is unnecessary to say, that in such cases, those circumstances, which form the ground of the Court’s *63 jurisdiction, must be stated and proved. The principle can have no application m the present instance.
"What seemed to me to admit of more doubt, was, whether the defendant, after submitting to the jurisdiction of the Court by his. answer, could afterwards avail himself of this want of equity. The maxim, that consent cannot give jurisdiction, must, I think, be taken with this qualification; that the Court does not of itself, take notice of the want of jurisdiction, when the matter is of such a nature as might incidentally be drawn within the jurisdiction of the Court. But, I believe, the practice of this Court has been, to allow parties to take advantage of such defect at any stage of the proceedings. No doubt a demurrer for the want of jurisdiction would have been sustained ; and the rule seems to be, that a demurrer is intended to save expense, or avoid an inconvenient discovery : and that if a demurrer would hold, the Court will not, unless in some particular cases, not analogous to the present, grant relief at the hearing, although the party may have answered. Mitf. Pl. 100. The same authority states, that the formal exceptions in the introductory part of an answer, are to such matters as the party might have taken advantage of by demurrer or plea.
It is therefore ordered and adjudged that the bill be dismissed.
On appeal from this order, Colcock, Johnson, and Richardson, Justices, unanimously concurred in opinion with thé Chancellor.

Appeal dismissed.